Filed 5/23/25  Wright v. Wright CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PHILIP SPENCER WRIGHT,<br><br>　　　　Respondent,<br><br>　　v.<br><br>IULIIA PLATOKHINA WRIGHT,<br><br>　　　　Appellant. | B327043<br><br>(Los Angeles County<br>Super. Ct. No. 19STFL03890) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Wendy L. Wilcox, Judge.  Reversed.
　　　　Oleg Volkov for Appellant.
　　　　Larson, Stephen G. Larson, Andrew J. Bedigian and Kimberly E. Wilkinson for Respondent.

————————————————————

Iuliia Platokhina Wright appeals from an order imposing sanctions against her and her counsel, Oleg Volkov, in a dissolution action between Iuliia and Philip Wright.[1]  The family law court sanctioned Iuliia and Volkov for moving to set aside an order granting Philip attorney fees while that same fees order was pending on appeal.

We conclude Philip's sanctions motion, strictly construed, did not provide adequate notice of the grounds on which the family law court imposed sanctions.  Iuliia's set-aside motion asserted three bases for relief, only one of which the sanctions motion unambiguously targeted as violating the stay imposed by the pending appeal.

Accordingly, we reverse.

## BACKGROUND

Our discussion of the proceedings below is necessarily detailed because of the procedural challenges the parties asserted below.

Philip and Iuliia married in February 2019 and separated 18 days later.  During the subsequent dissolution proceeding, Iuliia requested a domestic violence restraining order against Philip.  The family law court denied the request.  Philip moved for prevailing party fees and costs under Family Code section 6344.  On March 3, 2022, the court granted Philip's motion,

_____

[1]  Because the parties share a last name, we refer to them by their first names.  No disrespect is intended.

This is the second appeal we have considered in this matter.  In the first, we reversed another sanctions order as well as an order disqualifying Volkov as Iuliia's counsel.  (*Wright v. Wright* (Aug. 23, 2024, B330901) [nonpub. opn.].)

2

awarding him $101,855.65. We will refer to that order as the fees order. Iuliia filed a notice of appeal from the fees order on April 18, 2022.

### 1. *Iuliia's motion to set aside the fees order*

On August 29, 2022, while the appeal from the fees order was pending, Iuliia filed in the family law court a notice of intention to move for an order under Code of Civil Procedure[2] section 663 setting aside the fees order. On August 31, 2022, Iuliia filed the motion itself, now stating the basis for relief was section 473, and alternatively section 663 "or upon informal suggestion to reconsider the order under *Le Francois v. Goel* [(2005)] 35 Cal.4th 1094, 1008 . . . ." (Italics added.) The memorandum of points and authorities in support of the motion similarly invoked and discussed sections 473, subdivision (d)[3] and 663, as well as the theory of an "informal suggestion" under *Le Francois*.

Iuliia's motion began with 10 numbered paragraphs identifying purported errors justifying setting aside the fees order: 1) Philip failed to file his fees request electronically and the court failed to continue the hearing; 2) the fees request was

---

[2] Unspecified statutory citations are to the Code of Civil Procedure.

[3] The title of Iuliia's motion as well as the notice of motion referred to subdivision (c) of section 473, rather than subdivision (d). We presume this was error—Iuliia's memorandum of points and authorities cited subdivision (d), and both the notice of motion and the memorandum argued the fees order should be set aside as void, a ground for relief found under subdivision (d), not (c).

untimely; 3) the family law court wrongly found Iuliia's ability to pay was not relevant to the fees request; 4) Philip was not the prevailing party; 5) the court erred in awarding fees arising from Philip's counsel's acts in bad faith; 6) the court erred in awarding fees arising from Philip's own "frivolous competing [restraining order] petition; 7) the court erred in awarding costs for certain transcripts; 8) the court wrongly found Philip's counsel's hourly rate reasonable; 9) the court relied on mutually inconsistent declarations filed by Philip and his counsel; and 10) Philip's fees request misrepresented the facts and law. (Boldface omitted.)

Iuliia's motion was calendared for hearing on December 21, 2022.

### 2. *Philip's service of an unfiled sanctions motion*

According to a proof of service, Philip served an unfiled sanctions motion under section 128.7 on Iuliia on September 29, 2022. The motion was unfiled because of statutory safe harbor requirements.

In the motion, Philip sought to strike Iuliia's motion to set aside the fees order, and impose monetary sanctions on Volkov of $72,259.50, or $55,969.50 if the court struck Iuliia's motion. In the "Introduction" of the supporting memorandum of points and authorities, Philip contended, "Due to his filing of the appeal [of the fees order], the Court is without jurisdiction to vacate or set-aside the [fees order], and therefore Iuliia's [motion to set aside] is frivolous as a matter of law." (Boldface, underscoring, & some capitalization omitted.)

In the "Argument" section of the sanctions motion, Philip argued the family law court had no jurisdiction to grant relief under section 663 while the appeal was pending. (Boldface, underscoring, & some capitalization omitted.) Assuming the

4

court had jurisdiction, Philip argued section 663 only authorizes reexamination of issues of law, but Iuliia's motion improperly sought reexamination of factual findings as well. Philip further argued Iuliia's motion was untimely under the express terms of section 663, which requires filing of the motion within 15 days of notice of entry of the order sought to be set aside, and resolution of the motion within 75 days.

As to Iuliia's challenge under section 473, subdivision (d), Philip argued the family law court had subject matter jurisdiction over the fees order and therefore it was impossible for the fees order to be void. Philip contended Iuliia's motion was in fact a "veiled motion for reconsideration under [section] 1008. Such a characterization is supported by the fact that Mr. Volkov, as discussed above, improperly seeks reconsideration of factual findings under [section] 663, and plies the Court with [the] 'informal suggestion' to reconsider the Fee Order (of course, formally presented by filing and serving Iuliia's [set-aside motion])." Philip argued Iuliia's motion did not comply with section 1008 because it was filed past the 10-day deadline and did not include the required affidavit indicating the new or different facts, circumstances or law on which the motion was based. Philip thus contended the improper motion was independently sanctionable under section 1008, subdivision (d).

In the "Conclusion" of the sanctions motion, Philip characterized Iuliia's set-aside motion as "frivolous, harassing, filing abuse. For the reasons discussed above, it is objectively devoid of legal and factual merit, and is submitted for the improper purpose of harassing Philip and his counsel. The court is without jurisdiction to vacate or set-aside [*sic*] the fee order, as

5

Mr. Volkov requests, *because he has already appealed same.*" (Boldface, underscoring, & some capitalization omitted.)

### 3. *Iuliia's request to withdraw set-aside motion*

On October 19, 2022, Iuliia filed a request to "withdraw[ ] her motion" to set aside the fees order under sections 473 and 663. In that request, Iuliia stated, "[T]he Motions appear to be moot, or, at least, judicially inefficient within current proceedings."

Iuliia gave several specific reasons for her request to withdraw. She explained the family law court would lose jurisdiction pursuant to section 663 on December 21, 2022, yet the court had "refused to advance the hearing date." Iuliia disputed Philip's claim that her section 663 motion was untimely, calling Philip's proof of service of the notice of entry of the fees order "unreliable, especially taking into consideration[ ] prior misconduct of Philip's legal team." She conceded, however, that "if the Court accepts Philip's proof of service as reliable[,] the motion under [section] 663 becomes untimely." Iuliia agreed "some of the arguments and grounds" under section 663 "may not be considered because of the pending appeal." Finally, Iuliia argued her original request to set aside the fees order was intended to "sav[e] the Court's and parties' resources by avoiding the further maintenance of the appeal," but Philip had "negated" any benefit through his threatened sanctions motion, responding to which "would require substantial resources and would not necessarily result in the vacating of [the fees order]."

Iuliia, "[f]or the avoidance of any confusion," stated she was withdrawing her notice of intention to move for a set-aside order, the set-aside motion itself, and Volkov's declaration filed in support of the motion. In boldface lettering, she stated, "Request

6

to kindly keep the hearing date of December 21, 2022 for Informal suggestion to vacate [the fees order] on the Court's own motion or set a new date for the hearing on Iuliia's informal suggestion to vacate [the fees order] on the Court's own motion, or vacate [the fees order] on the Court's own motion upon Iuliia's informal suggestion without setting a date for the hearing."

Iuliia stated her "informal suggestion" was pursuant to *Le Francois*, and indicated she would "fil[e] the relevant informal suggestion and [m]emorandum of points and authorities in support of such informal suggestion concurrently or slightly subsequently." She continued, "It shall be noted that the Court has discretion not to . . . set the informal suggestion for hearing and the opposing party (Philip) is not required to oppose/respond to such informal suggestion without the court's direction to do so. [¶] Iuliia's informal suggestion should not be considered a motion for reconsideration or any other motion . . . because the Court has the discretion [to] not set the hearing for Iuliia's informal suggestion, Philip is not required to answer to the said suggestion, and the Court may ignore ('deny') Iuliia's informal suggestion or may vacate [the fees order] upon Iuliia's informal suggestion without setting a date for the hearing and without directing Philip to address Iuliia's informal suggestion."[4]

_____

[4] On October 21, 2022, two days after filing her withdrawal request, Iuliia filed a document entitled "Informal Suggestion to Set Aside [the Fees Order] Upon Court's Own Motion Under *Le Francois v. Goel* . . ." (Some capitalization omitted & italics added.) Iuliia asserted the same 10 reasons to vacate the order she had listed in her original set-aside motion. On October 24, 2022, Iuliia filed a 25-page memorandum of points and authorities in support, accompanied by a declaration

7

### 4. *Sanctions motion and opposition*

On October 21, 2022, Philip filed the sanctions motion he had served on Iuliia on September 29, the contents of which we have already summarized in part 2 of this Background section, *ante*.

On November 18, 2022, Iuliia filed an objection to the sanctions motion contending Philip had not properly served the sanctions motion nor complied with safe harbor requirements.

On November 21, 2022, Iuliia filed an opposition to the sanctions motion. In the opposition, she reiterated her objection to Philip's service and safe harbor compliance. She additionally argued, inter alia, that Philip had misrepresented the applicable standard for sanctions under section 128.7. She argued the purpose of her set-aside motion was not to harass Philip, but to vacate the fees order "without incurring substantial attorney fees at the appeal level that Iuliia cannot afford." (Italics omitted.) She contended Philip's motion accused her of seeking reconsideration of factual findings, yet Philip failed to specify the factual findings of which Iuliia improperly sought reconsideration. Iuliia conceded Volkov had made "honest and excusable" mistakes in his understanding of the definition of "void" for purposes of section 473, subdivision (d), as well as his understanding of the effect of a pending appeal on a section 663 motion, but those mistakes did not warrant sanctions. As to Philip's statutory arguments regarding section 663, Iuliia argued

---

from Volkov attaching over 600 pages of exhibits. These filings all postdate Philip's sanctions motion and therefore are not within the scope of that motion, nor did the family law court discuss them at the hearing on the sanctions motion. We do not address them further.

her set-aside motion was timely under that statute, and Philip had waived opposition to the section 663 motion.[5]  (Italics omitted.)

Philip's counsel filed a declaration in reply to Iuliia's opposition.  Counsel contended Iuliia had not withdrawn her set-aside motion within the safe harbor period, because the shipping label attached to the withdrawal request indicated it had been mailed on October 20, 2022, with a delivery date of October 21, 2022, contrary to Iuliia's proof of service indicating service on October 19, 2022.

Counsel further asserted Iuliia's request to withdraw her motion was ineffective because in that request, Iuliia nonetheless asked the court to keep her hearing date on calendar and sought the same relief through an informal request.  Counsel stated, "This is not a withdrawal.  Mr. Volkov misses the point; as set forth in Philip's moving papers, due to Iuliia's perfected appeal of the Fee Order, the Court is without jurisdiction to reconsider or set-aside [*sic*] the Fee Order—whether by formal suggestion, informal suggestion, or otherwise.  This lack of jurisdiction to reconsider or set-aside [*sic*] is the very crux of what makes Iuliia's [set-aside motion] frivolous in whole."  "In sum:  to the extent that Mr. Volkov attempted to withdraw Iuliia's [set-aside motion], the withdrawal was delivered after the expiration of the safe-harbor period, and it fails to withdraw at least one frivolous request from Iuliia's [set-aside motion] (the 'informal suggestion')."

---

[5] We do not summarize Iuliia's other arguments in opposition, which Iuliia does not reassert on appeal, nor are they pertinent to our resolution of this appeal.

### 5.    *Grant of sanctions motion*

The family law court held a hearing on the sanctions motion on December 5, 2022.  The court began by stating its ruling, without hearing argument from the parties.[6]  The court found Philip had complied with the safe harbor requirement.  Volkov asked to "address the safe harbor issue very briefly," and the court said, "No.  I'm not done yet, sir.  Just one second."

The court further found Iuliia had never withdrawn her set-aside motion, because in her withdrawal request, she "still asserts keeping that hearing date and going forward herself under this informal suggestion way or on the court's own motion."  The court did not reach Philip's contention in reply that Iuliia had not filed her withdrawal request within the safe harbor period.  Rather, it stated, "[E]ven if [the request was made within] the 21 days, it's irrelevant because [the set-aside motion] was never taken off calendar."

As to the merits of the sanctions motion, the court summarized Philip's arguments, in particular that the court had no jurisdiction to decide a section 663 motion when the challenged order was on appeal, the requested relief was both "impossible" and untimely under section 663, there was no legal of factual basis for relief under section 473, and Iuliia's motion was a veiled motion for reconsideration in violation of section 1008.

The court noted that in her withdrawal request, Iuliia had "conceded" that "some of the arguments and grounds for the [fees]

---

[6] The family law court did not state its ruling was tentative.  The minute order describing the hearing, however, states, "The Court gives its oral tentative ruling."

10

order to be vacated under [section] 663 may not be considered because of the pending appeal." Thus, "[w]ith respect to that motion to set aside filed on August 31, 2022, . . . it's undisputed on both sides that it's not appropriate because this court doesn't have jurisdiction to hear it because there's a pending appeal. And [Iuliia] continues to move forward with it. And does so in a way where on the one hand she says that she's complying because she's requesting to take it off, on the other hand there is no compliance because she continues to want it to go forward and suggests this [informal] suggestion, which I'm not familiar with, or on the court's own motion, which I don't find appropriate because the court doesn't have jurisdiction; which [Iuliia] concedes." "On that argument alone, it's objectively unreasonable to continue with this motion, not take it off calendar, and argue in a request to withdraw it, to keep it on calendar, either under this informal suggestion vehicle or on the court's own motion, [when] the court doesn't have jurisdiction. That's objectively unreasonable conduct, I find." The court continued, "[T]hose other arguments that [Philip] argued, that I stated on the record, I find have merit, with the fact that [the set-aside motion is] untimely."

The court struck Iuliia's set-aside motion and took the December 21, 2022 hearing off calendar. The court found Philip's requested attorney fees sanction "reasonable," but concluded granting over $50,000 in fees would be "punitive." The court therefore "sanction[ed Iuliia] and [Iuliia's] counsel $25,000," "[b]ecause all of this could have been avoided, and instead, it has been moving forward with lots of papers, either on nonsensical arguments or arguments that [Iuliia] knows are not appropriate because this court doesn't have jurisdiction."

11

Volkov asked, "Will you allow me to address it?"  The court stated, "No.  I've read all the papers.  I've considered everything.  I'm going to sign the minute order.  That's the court order.  And I appreciate your time.  And we're done."

The court reported its sanctions order to the State Bar.  Iuliia timely appealed.  Philip filed a letter in which he took no position on Iuliia's arguments on appeal, citing a settlement agreement between the parties executed in April 2024.[7]

## DISCUSSION

### A.    Section 128.7

Section 128.7, subdivision (b), provides, in relevant part, that an attorney who signs, files, submits, or advocates "a pleading, petition, written notice of motion, or other similar paper," thereby certifies to the court "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," certain conditions are met.  Those conditions are:  "(1) [The filing] is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  [¶]  (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  [¶]  (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further

_____

[7]  The parties have not indicated the settlement affects the sanctions order or this appeal.

investigation or discovery.  [¶]  (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."  (§ 128.7, subd. (b).)

Section 128.7, subdivision (c) allows a court to impose sanctions for violations of subdivision (b) "after notice and a reasonable opportunity to respond."  (§ 128.7, subd. (c).)  The court may do this on its own motion or on a party's motion.  (*Ibid.*)

A party's motion for sanctions "shall describe the specific conduct alleged to violate subdivision (b)."  (§ 128.7, subd. (c)(1).)  The party must provide a safe harbor period by serving the motion on the party to be sanctioned, then waiting at least 21 days before filing the motion with the court.  (See *ibid.*)  The motion may be filed only if "the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected" within the 21-day safe harbor period.  (*Ibid.*)

Similarly, if the court wishes to impose sanctions on its own motion, it must first "enter an order describing the specific conduct that appears to violate [section 128.7,] subdivision (b)," then direct the offending party "to show cause why it has not violated subdivision (b), unless, within 21 days of service of the order to show case, the challenged paper . . . is withdrawn or appropriately corrected."  (§ 128.7, subd. (c)(2).)

A court imposing sanctions "shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed."  (§ 128.7, subd. (e).)  The sanctions may be monetary and/or nonmonetary.  (*Id.*, subd. (d).)  Monetary sanctions "may not be awarded against a represented

party for a violation of paragraph (2) of subdivision (b)," i.e., the provision requiring that legal contentions be warranted and nonfrivolous.  (*Id.*, subd. (d)(1).)

Normally, we review a section 128.7 sanctions order for abuse of discretion.  (*Kumar v. Ramsey* (2021) 71 Cal.App.5th 1110, 1121 (*Kumar*).)  Here, however, the validity of the sanctions order turns on whether Philip satisfied statutory notice and safe harbor provisions, a question that does not require resolution of any factual disputes.  Our review, therefore, is de novo.  (See *CPF Vaseo Associates, LLC v. Gray* (2018) 29 Cal.App.5th 997, 1005 (*CPF Vaseo*) ["Since '[t]here is no factual dispute that [the movants] filed and served [their] request for sanctions on the same date,' the issue of compliance with the safe harbor provision 'presents a pure question of law[,]' " second bracketed insertion added]; *Shewry v. Begil* (2005) 128 Cal.App.4th 639, 642 ["Matters presenting pure questions of law, not involving the resolution of disputed facts, are subject to de novo review."].)

## B.     The Family Law Court Imposed Sanctions on a Basis for Which Philip Did Not Provide Adequate Notice

Subject to certain exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ."  (§ 916, subd. (a).)  " 'The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court. . . . ' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 197.)

In the instant case, the family law court imposed sanctions because Iuliia had moved to set aside the fees order despite the court having no jurisdiction due to the pending appeal.  Iuliia

14

contends this was error because the sanctions motion invoked the section 916 stay only as to her arguments under 663, whereas her set-aside motion also was based on section 473 and *Le Francois*. Iuliia argues she therefore had no notice or opportunity to address the stay as it applied to those other bases, a problem exacerbated by the family law court's refusal to allow argument from her counsel at the sanctions hearing.  We agree.

Case law emphasizes the importance of proper notice when imposing sanctions.  Section 128.7 "is designed to be remedial, not punitive." (*Li v. Majestic Industry Hills LLC* (2009) 177 Cal.App.4th 585, 591.)  The statute's notice and safe harbor requirements are " 'intended to foster compliance . . . and to conserve judicial resources otherwise spent adjudicating a sanctions motion by affording a prescribed period of time during which a party may correct or withdraw a frivolous or improper pleading or motion without any penalty.' [Citations.]" (*CPF Vaseo*, *supra*, 29 Cal.App.5th at p. 1003; see *Cromwell v. Cummings* (1998) 65 Cal.App.4th Supp. 10, 14–15 ["the central purpose of the 'safe harbor' provision is to provide an adequate opportunity for withdrawal (i.e., voluntary dismissal) without penalty once the impropriety of the pleading and the consequence of nonwithdrawal have been made clear"].)  " 'By withdrawing specious or meritless legal contentions, pointless and time-consuming litigation is avoided. . . .' [Citation.]" (*Shenefield v. Shenefield* (2022) 75 Cal.App.5th 619, 635 (*Shenefield*).)

As cases have recognized, the goal of avoiding unnecessary litigation is ill-served by sanctions motions that do not provide adequate notice and safe harbor:  " 'Failing to comply with procedures designed to minimize or reduce meritless litigation,

15

in effect promotes it.' [Citation.]" (*Shenefield*, *supra*, 75 Cal.App.5th at p. 635.) "Accordingly, notice requirements are strictly construed." (*Ibid.*) Thus, for example, a letter contending a complaint is without merit, but that does not "explain how or why the complaint was frivolous," does not provide adequate notice. (*Barnes v. Department of Corrections* (1999) 74 Cal.App.4th 126, 135.) Similarly, it is improper to file a sanctions motion that is not identical to the unfiled motion that triggered the safe harbor period. (*Hart v. Avetoom* (2002) 95 Cal.App.4th 410, 414.) *Hart* concluded the safe harbor requirement had not been met because the filed motion "contained additional declarations and supplemental points and authorities not present in the original version"; " '[c]lose' is good enough in horseshoes and hand grenades, but not in the context of the sanctions statute." (*Id.* at p. 414.)

Beyond the statute itself, constitutional principles of due process similarly require adequate notice. "When sanctions are at issue, due process can be satisfied if the court gives a clear warning identifying the anticipated grounds for the sanctions or if those grounds are identified by the opposing party, and the court provides counsel with an opportunity to respond at least orally." (*Shenefield*, *supra*, 75 Cal.App.5th at pp. 631–632.)

Strictly construed, Philip's sanctions motion did not adequately notify Iuliia of the grounds upon which the family law court ultimately imposed sanctions. To recap, Iuliia's set-aside motion asserted three independent bases to vacate or reconsider the fees order: section 663, section 473, subdivision (d), and *Le Francois*.

Section 663, in relevant part, allows a court to "set aside and vacate" "[a] judgment or decree" if there is an "[i]ncorrect or

16

erroneous legal basis for the decision, not consistent with or not supported by the facts." Section 663a imposes timing requirements for both filing and adjudicating section 663 motions—filing generally must occur within 15 days of specified triggering events, and the court loses jurisdiction to rule on the motion 75 days past specified triggering events. (See § 663a, subds. (a)–(b).)

Section 473, subdivision (d), provides, in relevant part, "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order."

*Le Francois* held a trial court has authority to reconsider its interim orders on its own motion, and need not comply with the requirements in section 1008, which govern party motions for reconsideration. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1096–1097, 1108 (*Le Francois*). *Le Francois* further held that, although the court must exercise this power on its own motion, it may do so "in response to a party's suggestion." (*Id.* at p. 1108; see *ibid.* ["If a court believes one of its prior interim orders was erroneous, it should be able to correct that error no matter how it came to acquire that belief."].) That "suggestion," however, has no "procedural significance" absent compliance with section 1008, and therefore "[t]he court need not rule on any suggestion . . . and, without more, another party would not be expected to respond to such a suggestion." (*Le Francois*, at p. 1108.)

Philip's sanctions motion was confusing as to how it addressed the three bases asserted in Iuliia's set-aside motion. On the one hand, Philip's motion stated in both its introduction and conclusion that the pending appeal of the fees order deprived the family law court of jurisdiction to vacate or set aside that order. On the other hand, the "Argument" section of the motion

17

invoked the section 916 stay only in its discussion of Iuliia's argument under section 663. Philip raised a different challenge to Iuliia's section 473 argument, namely that the fees order was not "void" as required by section 473, subdivision (d). Philip's motion did not mention the section 916 stay when addressing section 473, subdivision (d).

Philip also argued Iuliia's set-aside motion was a "veiled motion for reconsideration" that did not comply with the requirements of section 1008, but again did not mention the section 916 stay.

Philip's motion hardly addressed Iuliia's "informal suggestion" under *Le Francois* at all. The only mention was in Philip's argument that Iuliia's set-aside motion was actually a veiled motion for reconsideration under section 1008. Philip argued this "characterization is supported by the fact that Mr. Volkov . . . plies the Court with his 'informal suggestion' to reconsider the Fee Order (of course, formally presented by filing and serving Iuliia's [set-aside motion])." Philip's motion did not cite or discuss *Le Francois*, nor explain why Iuliia's "informal suggestion" pursuant to that case was sanctionable.

None of this adequately notified Iuliia that Philip was challenging her entire set-aside motion based on the pending appeal. The motion's terse general assertion of the section 916 stay in the introduction and conclusion was undercut by the "Argument" section, which limited discussion of the stay to section 663. The motion further was ambiguous as to whether it was challenging Iuliia's *Le Francois* request at all, which the motion mentioned only to support an argument the set-aside motion was a veiled motion for reconsideration. The purpose of section 128.7's notice and safe harbor requirements is to provide

18

notice of the specific improprieties meriting sanctions and time for the offending party to withdraw the filing without penalty. Rather than clearly setting forth the section 916 stay as a basis for sanctions as to all Iuliia's arguments in her set-aside motion, Philip's sanctions motion muddled the issue.

It is not surprising, therefore, that Iuliia's response to the sanctions motion, set forth in her withdrawal request and opposition, addressed the section 916 stay solely in the context of section 663, the only context in which the sanctions motion specifically invoked the stay. Iuliia continued to press her *Le Francois* argument, which, again, the sanctions motion had not expressly targeted as a basis for sanctions. Iulia's response was reasonable given the ambiguities in Philip's motion.

It was not until the reply declaration in support of the sanctions motion that Philip's counsel clearly connected the dots in arguing, "[D]ue to Iuliia's perfected appeal of the Fee Order, the Court is without jurisdiction to reconsider or set-aside [*sic*] the Fee Order—whether by formal suggestion, informal suggestion, or otherwise. This lack of jurisdiction to reconsider or set-aside [*sic*] is the very crux of what makes Iuliia's [set-aside motion] frivolous in whole."

Philip's belated reply argument cannot remedy the inadequate notice in his original sanctions motion. By raising the argument in reply, Iuliia had no opportunity to respond, a deficiency the family law court compounded by refusing to allow her counsel to argue at the sanctions hearing. Nor can the reply itself be construed as a sanctions motion when it was not served on Iuliia unfiled and did not invoke the required safe harbor period.

To the extent the family law court overlooked the lack of notice because the court believed Iuliia had conceded her set-aside motion was improper given the section 916 stay, this was error. Iuliia made that concession solely as to her arguments under section 663. She did not concede or even discuss the applicability of the stay to her arguments under section 473 and *Le Francois* given the ambiguities in Philip's sanctions motion.

We note it is immaterial to our analysis whether the family law court was *correct* that the section 916 stay barred the entirety of Iuliia's set-aside motion. Assuming arguendo the set-aside motion was barred, Iuliia nonetheless was deprived of an opportunity, before the court ruled, to withdraw her motion and avoid sanctions. The sanctions motion failed to notify her of the stay issue as to her section 473 and *Le Francois* arguments. To the extent the family law court wished to impose sanctions on the basis of the stay sua sponte, it was required under section 128.7, subdivision (c)(2) to provide notice to Iuliia and a fresh safe harbor period for her to withdraw her set-aside motion. That never happened.

In sum, the family law court imposed sanctions on a basis for which Iuliia received inadequate notice. This was error.

We recognize Philip made other arguments in his sanctions motion. The family law court agreed with one of those arguments, specifically that Iuliia's contentions under section 663 were untimely under that statute. The court did not rule on Philip's other arguments, including that the fees order was not void under section 473, subdivision (d), and that the set-aside motion was an improper motion for reconsideration under section 1008.

Although in some contexts we may affirm an erroneous ruling on an alternative basis, this is inappropriate in an appeal "on the sensitive issue of sanctions." (*Patel v. Crown Diamonds, Inc.* (2016) 247 Cal.App.4th 29, 41.) *Kumar* illustrates the latter principle. There, the trial court granted sanctions against the plaintiff solely because no reasonable attorney would believe the plaintiff's property claims were timely under the applicable statute of limitations. (*Kumar*, *supra*, 71 Cal.App.5th at p. 1120.) The appellate court disagreed. (*Id*. at p. 1126). The appellate court also refused to consider the defendants' alternative arguments, which were not the bases for the trial court's sanctions award: "Because the trial court rested its decision on only one ground, we cannot say how it might have exercised its discretion had it considered these alternate grounds." (*Id*. at p. 1127.) The appellate court reversed the sanctions order without remand for further consideration. (*Ibid.*)

Although here, the family law court agreed with Philip's alternative argument concerning Iuliia's contentions under 663, the court relied solely on the section 916 stay to impose sanctions on Iuliia for her *Le Francois* request. We will not speculate how the court would have exercised its discretion had it considered Philip's other arguments. This is especially so because, as discussed, it was unclear whether Philip's motion was targeting the *Le Francois* request at all, much less whether his arguments had merit.

21

Given our holding, we do not reach Iuliia's other arguments.[8]

## DISPOSITION

The sanctions order is reversed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

---

[8] Iuliia additionally argues the family law court improperly imposed monetary sanctions against her when the sanctions motion requested sanctions only against her counsel; the family law court did not sufficiently explain its reasons for imposing sanctions; the family law court wrongly found Iuliia had not withdrawn her contentions under sections 663 and 473; Philip did not properly serve the sanctions motion; the sanctions motion misrepresented the standard for imposing sanctions; and Iuliia provided sufficient evidence her counsel had conducted a reasonable inquiry and had a good faith belief in the merits of her set-aside motion.

22